UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IWONA W. PIEKARZ,

    *Plaintiff*,

*v*.                             CASE NO. 15-CV-10689

COMMISSIONER OF         DISTRICT JUDGE AVERN COHN
SOCIAL SECURITY,           MAGISTRATE JUDGE PATRICIA T. MORRIS

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

In light of the entire record in this case, I suggest that substantial evidence does not support the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **GRANTED**, that Defendant's Motion for Summary Judgment be **DENIED**, and that the case be **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

**II.    REPORT**

    **A.    Introduction and Procedural History**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claims for a period of disability and Disability Insurance Benefits ("DIB"). This matter is currently before the Court on cross-motions for summary judgment. (Docs. 15, 17.)

Plaintiff Iwona Piekarz was 41 years of age at the time of the most recent administrative hearing. (Transcript, Doc. 12 at 34.) Plaintiff's employment history includes work as a cook for twelve years. (Tr. at 121.) Plaintiff filed the instant claim on June 27, 2012, alleging that she became unable to work on January 16, 2011. (Tr. at 94.) The claim was denied at the initial administrative stage. (Tr. at 52.) In denying Plaintiff's claim, the Commissioner considered disorders of the back, discogenic and degenerative as possible bases for disability. (*Id.*) On September 10, 2013, Plaintiff appeared before Administrative Law Judge ("ALJ") Jerome B. Blum, who considered the application for benefits *de novo*. (Tr. at 12-30, 31-51.) In a decision dated October 25, 2013, the ALJ found that Plaintiff was not disabled. (Tr. at 26.) Plaintiff requested a review of this decision on November 10, 2013. (Tr. at 10-11.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on January 12, 2015, when the Appeals Council denied Plaintiff's request for review. (Tr. at 1-5.) On February 24, 2015, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

**B.     Standard of Review**

In enacting the social security system, Congress created a two-tiered structure in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during the administrative

review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability"). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting SSR 96-7p, 1996 WL 374186, at *4).

3

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, a court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of a court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 F. App'x 521, 526 (6th Cir. 2006).

4

**C.     Governing Law**

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the DIB program of Title II, 42 U.S.C. §§ 401 *et seq*., and the SSI program of Title XVI, 42 U.S.C. §§ 1381 *et seq*. Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work[.]" *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

### D.   ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff met the insured status requirements through December 31, 2015, and that Plaintiff had not engaged in substantial gainful activity since January 16, 2011, the alleged onset date. (Tr. at 17.) At step two, the ALJ found that Plaintiff's herniated discs, high blood pressure, back and leg pain, and cervical pain status post motor vehicle accident were "severe" within the meaning of the second sequential step and that there "were also allegations of

depression with stress." (Tr. at 18.) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 19.) At step four, the ALJ found that Plaintiff could not perform any past relevant work. (Tr. at 24.) The ALJ also found that Plaintiff was 38 years old on the alleged disability onset date, which put her in the "younger individual age 18 to 44" category. *See* 20 C.F.R. Part 404, Subpart P, App. 2. (*Id.*) At step five, the ALJ found that Plaintiff could perform a limited range of light work. (Tr. at 19-24.) Therefore, the ALJ found that Plaintiff was not disabled. (Tr. at 26.)

      **E.**      **Analysis and Conclusions**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence. (Doc. 15.) Specifically, Plaintiff contends that the ALJ's step three determination is not supported by substantial evidence because it does not properly discuss Listing 1.04(A) or explain why Plaintiff's impairments do not meet or medically equal Listing 1.04(A) and that such error was not harmless error because there was evidence of record that could support a finding that the listing was met or equaled. (Doc. 15 at ID 825-31.) In addition, Plaintiff contends that the ALJ erred by failing to obtain an expert medical opinion regarding equivalency as required by S.S.R. 96-6p since there was no medical opinion regarding medical equivalency and the only evidence of record was the Disability Determination Transmittal completed by a single decisionmaker, Ms. Susan Glover. (Doc. 15 at ID 831-33.)

Defendant responds that although "Plaintiff produced evidence of a spinal disorder that results in the compression of a nerve root, she did not show that her conditions causes: (1)limitation of the spine for the requisite twelve-month period; (2) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss; and (3) positive straight-leg raising test (sitting and supine)." (Doc. 17 at ID 856.) Defendant lists the four tests which show the

compromised nerve root and notes where the ALJ's characterization of these reports was less than accurate. (Doc. 17 at ID 856-58; Tr. at 243, 250, 272, 280-81.)

However, Defendant relies on the fact that Plaintiff did not demonstrate that her condition consistently caused the three medical signs listed above and required by Listing 1.04A. (Doc. 17 at ID 858-59.) Defendant notes that Plaintiff did have a decreased range of motion on March 8, 2011, and June 29, 2011 but that such "sporadic instances" "do not demonstrate that Plaintiff's range of motion was diminished continuously for a twelve-month period." (Doc. 17 at ID 8858, n. 4; Tr. at 260-61, 343.)

In addition, Defendant notes that "Plaintiff reported left leg weakness in June 2011 and August 2011, however the rest of the notes show normal strength" so "these isolated reports do not satisfy the requirement that the condition must have lasted for at least twelve months and were not accompanied by sensory or reflex loss." (Doc. 17 at ID 859, n. 5; Tr. at 286, 342.)

Defendant also notes that there "was one positive straight-leg raise result noted on April 14, 2011, but there is no indication that the test was performed while Plaintiff was seated *and* supine, as required by Listing 1.04A." (Doc. 17 at ID 859, n. 7; Tr. at 276.) (emphasis in original). Defendant then concludes that "[s]ince it is the claimant's burden to show that she meets or medically equals an impairment in the Listings, her claim must fail." (Doc. 17 at ID 861.)

Defendant further argues that because "there is no plausible argument for medical equivalence[,]" the ALJ's reliance on the single decisionmaker rather than on a medical expert was harmless error. (Doc. 17 at ID 863-64.)

The single decisionmaker model stems from 20 C.F.R. §§ 404.1406(b)(2) and 404.906(b)(2); these regulations provide for experimental, stream-lined procedures that eliminated the reconsideration level of review and allowed claims to go directly from the initial denial to ALJ

hearing. *See Crooks v. Comm'r of Soc. Sec.*, No. 12-cv-13365, 2013 WL 4502162, at *9 (E.D. Mich. Aug. 22, 2013). "Most significantly, it allowed the state agency employee (the single decisionmaker) to render the initial denial of benefits without documenting medical opinions from the state agency medical consultants." *Id.* At the appellate level, including the proceedings before the ALJ, these Physical RFC forms completed by SDMs are "not opinion evidence[.]" *Id.* (citing The Programs Operations Manual System ("POMS") DI § 24510.05). "Accordingly, under the regulations and agency policy, SDM assessments have no place in an ALJ's disability determination." *White v. Comm'r of Soc. Sec.*, No. 12-cv-12833, 2013 WL 4414727, at *8 (E.D. Mich. Aug. 14, 2013).

In the instant case, when determining whether Plaintiff met or equaled a Listing, the parties agree that there was no medical opinion regarding medical equivalency and the only evidence of record was the Disability Determination Transmittal completed by a single decisionmaker ("SDM"), Ms. Susan Glover. (Tr. at 52.) Since there was no medical source evidence regarding physical capacity, the ALJ must have either relied on the opinion of the SDM or made his own medical finding that expressly agreed with that of the SDM. Neither of these options could serve as substantial evidence and I suggest that such an error would not be harmless. *See Wyatt v. Comm'r of Soc. Sec.*, No. 12-11406, 2013 WL 4483074, at *16 (E.D. Mich. Aug. 19, 2013) (finding error in relying on SDM's opinion could not be harmless where there were no other medical opinions to rely on, noting that the "'Court has stressed the importance of medical opinions to support a claimant's RFC, and cautioned ALJs against relying on their own expertise in drawing RFC conclusions from raw medical data.'") (quoting *Mistoff v. Comm'r of Soc. Sec.*, No. 3:12cv046, 2013 WL 1098188, at *8 (S.D. Ohio March 15, 2013)).

I recognize that in situations where "'the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment.'" *Deskin v. Comm'r*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008) (quoting *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996)). However, I suggest that the instant case is not one of those cases where there is so little impairment that the lay opinion of an ALJ could substitute for that of an expert medical opinion when formulating the RFC determination. Looking solely to the Defendant's recitation of the evidence supporting each of the three requirements of Listing 1.04A above, Plaintiff has shown some evidence of equivalence. Although Defendant suggests that evidence is insufficient to prove Plaintiff meets or equals Listing 1.04A, it is sufficient to support Plaintiff's argument for equivalence such that the ALJ's error cannot be considered harmless. Defendant also cites *Norman v. Comm'r of Soc. Sec.*, No. 2:14-CV-10038-LPZ, 2014 WL 7691994, at *11 (E.D. Mich. Dec. 22, 2014), a decision issued by the undersigned, as evidence that an ALJ's decision on equivalence may be supported by substantial evidence even where the ALJ does not base that decision on the findings of a medical expert. (Doc. 17 at 21). *Norman* is not analogous, however, because the undersigned found in that matter that the claimant presented "no evidence" of nerve root compression, abnormal straight leg test results, or limited range of motion. *Id*. at 12. As noted above, there is at least some evidence that Plaintiff may meet or equal Listing 1.04A, thus the ALJ's failure to consult a medical expert is not harmless. Whether equivalence is shown or not is for the ALJ to determine, after consulting a medical expert on remand.

Once it has been determined that the Commissioner's administrative decisions are not supported by substantial evidence, a district court faces a choice. It may either remand the case to the Commissioner for further proceedings or direct the Commissioner to award benefits. The court

may reverse and direct an award of benefits if "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits . . . where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Felisky,* 35 F.3d at 1041; *accord, Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). This comports with the principle that "where remand would be an idle and useless formality, courts are not required to convert judicial review of agency action into a ping-pong game." *Wilson v. Comm'r of Soc. Sec.*, 378 F3d 541, 547 (6th Cir. 2004) (citations omitted).

In this case, for the reasons set forth above, I conclude that there are unresolved legal and factual issues. I therefore suggest that the ALJ's decision should be reversed and the case remanded for further consideration under sentence four of 42 U.S.C. § 405(g).

### III.   REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 16, 2015                    S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: December 16, 2015                     By s/Kristen Krawczyk
                                             Case Manager to Magistrate Judge Morris